**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM H. HOLIDAY, JR., : | Civ. Case No. 11-2915 (RMB) |
| Plaintiff, : |  |
| v. : | **O P I N I O N** |
| JOHN DOE #1, et al., : |  |
| Defendants. : |  |

**APPEARANCES:**

William H. Holiday, Jr., Pro Se
575919/14837C
South Woods State Prison
215 Burlington Rd. South
Bridgeton, NJ 08302

**BUMB, District Judge**

This matter comes before the Court on Plaintiff's Application for Pro Bono Counsel in the above-referenced civil rights case (docket entry 1-2). For the following reasons, the Court will deny the motion for counsel, without prejudice.

BACKGROUND

Plaintiff, currently incarcerated at the South Woods State Prison, Bridgeton, New Jersey, submitted a civil rights complaint asserting violations of his constitutional rights concerning an accident at his job site while incarcerated. Plaintiff asks for counsel in this case because he feels he is not confident in his abilities to proceed, there are complex issues in his case, and

that he will not be able to adequately investigate the accident at issue.  The defendants have not yet been served with the instant complaint.

## DISCUSSION

Plaintiff has submitted an Application to Proceed <u>In Forma Pauperis</u> and a prison account statement.  It is clear that Plaintiff qualifies for <u>in forma pauperis</u> status, pursuant to 28 U.S.C. § 1915.

As for the request for counsel, appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*.  <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 156 (3d Cir. 1993), <u>cert. denied</u>, 510 U.S. 1196 (1994).  The plaintiff has no right to counsel in a civil case.  <u>See</u> <u>id.</u> at 153-54; <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997).

In evaluating a motion to appoint counsel, the court must first examine the merits of Plaintiff's claim to determine if it has "some arguable merit in fact and law."  <u>See</u> <u>Tunnell v. Gardell</u>, 2003 WL 1463394 at * 1 (D. Del. Mar. 14, 2003)(Slip Copy)(citing <u>Parham</u>, 126 F.3d at 457)(other citations omitted).  If the court is satisfied that the claim is "factually and legally meritorious," then the following factors must be examined:  (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of a plaintiff to

pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether a plaintiff can attain and afford counsel on his or her own behalf.  See id. (citing Parham, 126 F.3d at 457-58; Tabron, 6 F.3d at 155-56, 157 n.5).

    However, a court should also consider other factors, such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time.  See Tabron, 6 F.3d at 157-58.

    In the instant case, Plaintiff's complaint has just been screened and defendants have not yet been served.  Plaintiff still must identify John and Jane Doe defendants.  Further, whether or not the Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of Parham's test particularly difficult to evaluate."  Chatterjee v. Philadelphia Federation of Teachers, 2000 WL 1022979 at *1 (E.D. Pa. July 18, 2000)(stating that unlike Parham, which concerned a directed verdict ruling, and Tabron, which involved summary judgment adjudication, plaintiff's claims asserted in complaint and motions "have barely been articulated" and have distinctive procedural posture).

    With regard to the Tabron/Parham factors, Plaintiff has not demonstrated at this stage of proceedings, the complexity of legal

issues, the degree to which factual investigation will be necessary, or that he will be in need of expert witnesses. Plaintiff has presented to this Court without the assistance of counsel a coherent complaint, an application for <u>in forma pauperis</u> status, and the instant application for appointment of counsel.

The Court recognizes that issues may arise in the course of this litigation which may raise a question as to Plaintiff's need for counsel.  In that case, the Court will consider a renewed motion for appointment of counsel.  At this point in the litigation, however, the Plaintiff's motion for appointment of counsel will be denied, without prejudice.

## CONCLUSION

For the foregoing reasons, under separate Order, Plaintiff's <u>in forma pauperis</u> application will be granted.  Plaintiff's request for appointment of <u>pro bono</u> counsel will be denied, without prejudice to Plaintiff renewing the motion, if necessary, as the litigation proceeds.  An appropriate Order accompanies this Opinion.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge

Dated: <u>January 13, 2012</u>